# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE FOOTBALL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-00727 |
| ) | |
| LANE MONTE KIFFIN ) | |
| and UNIVERSITY OF ) | |
| SOUTHERN CALIFORNIA; ) | |
| ) | |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER

The Parties have agreed to the entry of this Protective Order to facilitate the efficient and orderly production of documents, to preserve and maintain the confidentiality of certain documents and information to be produced by the Parties and/or by any non-party, to comply with all state and federal regulations and to adequately protect individually identifiable information entitled to be kept confidential, the Court for good cause shown, does hereby enter this Agreed Protective Order.[1] It is, therefore,

ORDERED, that the following shall govern the disclosure of confidential information in this action:

    1. Preparation and trial of this action may require discovery of certain business records and other materials that contain proprietary and confidential information, sensitive personal and financial information, and information relating to the Parties' performance, strategy and tactics in operating football teams. For purposes of this Order, "Confidential"

---

[1] Each of Lane Monte Kiffin ("Kiffin"), University of Southern California ("USC") and Tennessee Football, Inc. ("Tennessee Football") are sometimes referred to herein as a "Party" and, collectively, as "Parties."

information and any materials derived therefrom shall mean information (a) that reveals confidential business, personal, financial or commercial information; (b) that is subject to any protective order, sealing order, or ruling that prevents or limits a litigant from disclosing such material; (c) that is not appropriate for public disclosure because it reveals information related to the performance, strategy or tactics of the Parties' respective football teams, or because of contractual rights of the Parties or third-parties; or, (d) that is otherwise protectable under Federal Rule of Civil Procedure 26(c) or any other applicable rule, statute or common law. Confidential information shall not include information that the Producing Party has voluntarily disclosed in the public domain. Information voluntarily or involuntarily disclosed by a Producing Party subject to a protective order, confidentiality agreement, non-disclosure agreement, or other protective mechanism shall not be deemed to be information that has been disclosed in the public domain. Moreover, notwithstanding the absence of a protective order, confidentiality agreement, non-disclosure agreement, or other protective mechanism, information disclosed by a Producing Party to a person or entity pursuant to a court order or other compelled legal process shall not be deemed to be information that has been disclosed in the public domain if subsequently, whether upon appeal or otherwise, it is adjudged or determined that the compelled disclosure of the Confidential information was improper or inappropriate. The Parties and any non-party that produces documents or information (each a "Producing Party") in the above-captioned case (hereinafter sometimes referred to as "this Action") may stipulate to additional categories of Confidential information, or any Producing Party may also apply to the Court for an order to supplement the foregoing categories of Confidential information. Prior to designating documents, information, or material as

"Confidential," the Producing Party must reasonably and in good faith believe that the material contains Confidential information .

2. The designation of documents, information, or material as "Confidential" shall be made in the following manner by any Producing Party:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential information, except that in the case of multipage documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential information; and

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party, at the time of or immediately following disclosure of any Confidential information; or (ii) by written notice, sent by such counsel to all the parties within thirty days after receiving a copy of the transcript of the deposition; provided that, if no designation is made pursuant to section (i) of this paragraph 2(b), then all depositions shall be treated in their entirety as "Confidential" until written notice is sent pursuant to section (ii) of this paragraph 2(b), or for a period of thirty days after receipt of the transcript, whichever comes first. In both of the foregoing instances, counsel for the Producing Party shall direct the court reporter that the appropriate confidential legend be affixed to all portions of the original and all copies of the transcript containing any Confidential material or information. Absent written consent of the other Party and, in the absence of such consent, upon (x) motion by the Producing Party filed within ten business days of such written consent being refused and (y) an Order of this Court, the Producing Party shall not designate deposition testimony or other pretrial

testimony as "Confidential" in its entirety, but shall limit such designations to testimony disclosing any "Confidential" information as defined in this Order.

3. Any material or information designated as "Confidential" and all materials derived therefrom shall not be disclosed to anyone other than the Court and its personnel and: (a) employees and officers of Tennessee Football; (b) Kiffin; (c) the Board of Trustees, President and senior administration of USC, and employees of its athletic and legal departments; (c) counsel of record for the Parties; (d) any consulting or testifying expert for one of the Parties; (e) an independent consultant or third-party litigation support vendor engaged in connection with this Action; (f) duly authorized Court reporters or videographers transcribing or recording depositions or hearings in this Action; (g) witnesses at depositions or hearings in this Action, each of whom shall also be bound by the non-disclosure provisions of this Protective Order. The designated "counsel of record" shall include the members of the respective law firms representing the parties, including in-house counsel, and their employed associates, paralegals, clerks, and secretaries.

4. Before disclosure of Confidential documents, materials or information to any expert or consultant/vendor, the expert or consultant/vendor shall execute and deliver to the attorney of record who has retained such expert or consultant/vendor, a written instrument in the form attached as Exhibit "A-1" agreeing not to disclose any Confidential documents, materials, and information, and to be bound by the terms of this Order.

5. If any Producing Party produces information without designating it as Confidential, but later determines that it should receive such a designation, the Producing Party shall have the right to designate such information as Confidential at any time in any manner, and other parties must follow the procedures described below for challenging such a

4

designation. Upon such a designation, any receiving party shall ensure that only persons described in paragraph 3 shall have access to such material.

6. Any such information designated as Confidential shall be used only for the litigation of this Action, and shall not be used or disclosed for any other purpose whatsoever.

7. Confidential information and documents containing Confidential information which are included in or attached to pleadings or other materials to be filed with the Court shall be filed under seal.

8. Any Confidential documents and information may be used by the Parties at any trial or hearing in this Action subject to the rules of evidence and the requirements of this Order, or such other Order as the Court may enter. Prior to introducing into evidence or otherwise disclosing at a hearing or at trial any Confidential documents or information, the Parties shall attempt to agree on a procedure to maintain confidentiality and such procedure shall be submitted to the Court for its approval. If the Parties cannot agree on any such procedure, each shall submit its proposal to the Court.

9. If upon review any Party reasonably and in good faith believes that the documents, information, or material designated as Confidential and produced by a Producing Party should not be so designated, then the Party may challenge this designation by providing written notice of such objection to the Producing Party within ten business days from receipt of the designated documents, information, or material. Any such objection shall be made on a document-by-document basis, and shall include the basis for the challenge to the designation of each document. The Producing Party shall have five business days to provide a written response to the challenge, which also shall be provided on a document-by-document basis. If the parties are unable to resolve their differences in good faith within five business days after

the Producing Party has provided a written response, the Party challenging designation may move for an appropriate ruling from the Court within fifteen business days after the Producing Party provided its written response to the challenge. The burden is on the Producing Party seeking to protect the information to demonstrate that the information is Confidential and should be protected. The documents, information or material shall continue to be treated as Confidential unless the Parties agree otherwise in writing or the Court rules to the contrary.

10. If another court, government or administrative agency or body, or third party subpoenas or orders production of documents or information designated as Confidential, the Party receiving the subpoena or order shall, if there are fewer than ten days to comply, within two days of receiving the subpoena or order, or if more than ten days to comply, at least ten days prior to the due date of compliance, notify the Producing Party of the pending subpoena or order in writing. The Producing Party shall have the responsibility of seeking relief from the subpoena or order by the due date of compliance. To give the Producing Party an opportunity to obtain such relief, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, and if the Producing Party seeks relief from or objects to the subpoena or order, the Party from whom the information or material is sought shall not produce such material until the Producing Party's request for relief or objection is resolved. The Producing Party shall have standing to object to the subpoena or order, and no Party to this Action shall challenge this standing. If the Party receiving the subpoena or order must produce information or material designated as Confidential to a government or administrative agency or body, the Party must follow that entity's procedures for maintaining the confidentiality of such material. If the party receiving the subpoena or order must produce information or material designated as Confidential to a

third party, the Party shall take appropriate steps to maintain the confidentiality of such information or material, including moving for a protective order.

11. Nothing in this Order shall restrict a Producing Party's ability to produce, manage, or disseminate its own documents or information, nor shall it affect the relevancy or admissibility of any such documents or information.

12. In the case of inadvertent production of documents or material subject to claims of the attorney-client privilege, the joint defense or common interest privilege, or the work product doctrine ("Privileged Material"), upon request of the Producing Party, the Privileged Material together with all copies thereof and any notes or material derived from the Privileged Material, shall be destroyed or returned to the Producing Party within seven days of receiving notice of the inadvertent production and any notes made from such Privileged Material shall be destroyed. As a result of inadvertent production, the Producing Parties do not waive any claim of privilege and/or work product in any jurisdiction or proceeding. Any such waiver must be express and intentional. The inadvertent production or copying of any document or documents that concern a particular subject matter by any Producing Party shall not constitute a waiver with respect to any privileges or work product claims potentially applicable to any other documents or other information pertaining or relating to the same or similar subject matter. Any Party that receives a document that reasonably appears to be inadvertently produced and subject to claims of protection pursuant to the attorney-client privilege, the joint defense or common interest privilege, or the work product doctrine shall immediately seal the document from disclosure and notify the Producing Party.

13. Any Party or Producing Party may move the Court to modify or grant relief from any provision of this Order, or request the Court for additional relief. This Order also may be modified or amended by the Parties by subsequent agreement approved by the Court.

14. At the conclusion of this Action, all provisions of this Order restricting the communication or use of Confidential documents and information shall continue to be binding, unless otherwise agreed in writing by the Parties hereto or ordered. In addition, all materials designated as Confidential and all copies of such materials, shall be destroyed or returned promptly to the Producing Party through its attorneys of record at the conclusion of this Action.

SIGNED this ___ day of ~~October~~ November, 2010.

JUDGE JOHN T. NIXON
MAGISTRATE JUDGE JOE B. BROWN

CONSENTED TO:

s/ Robert E. Boston
Robert E. Boston
Mark W. Peters
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
P. O. Box 198966
Nashville, Tennessee 37219-8966
bob.boston@wallerlaw.com
mark.peters@wallerlaw.com
marybeth.thomas@wallerlaw.com

*Attorneys for Plaintiff*


s/ Steven A. Riley
Steven A. Riley
John W. Peterson
James N. Bowen
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
sriley@rwjplc.com
jpeterson@rwjplc.com
jimbowen@rwjplc.com

*Counsel for Defendants*

Exhibit "A-1"

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulated Protective Order entered in <u>Tennessee Football, Inc. v. Lane Monte Kiffin and University of Southern California</u>, Case No. 3:10-cv-00727 in the United States District Court for the Middle District of Tennessee, Nashville Division (the "Action"). I agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further order of that Court. I further agree that at the conclusion of this Action, I will return to the attorneys who retained me all copies of any Confidential documents, materials and information that I have been provided so that those materials may be returned in accordance with the terms of the Stipulated Protective Order. I consent to the jurisdiction of that Court for purposes of enforcing that Order.

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct.

Executed this _____ day of _____, 200__, at _____, Tennessee.

Signed: _____

Employer: _____

Business Address: _____

_____